EDOK - Application for Search Warrant (Revised 5/13)

# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In the Matter of the Search of The Residence located at 1156 Sherwood Road, Eufaula, Oklahoma 74432 Muskogee, Oklahoma | Case No. 21-MJ-19-KEW |

## APPLICATION FOR SEARCH WARRANT

I, Timothy J. Deppner, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the **EASTERN** District of **OKLAHOMA** *(identify the person or describe property to be searched and give its location)*:

### SEE ATTACHMENT "A"

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

### SEE ATTACHMENT "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of Title 18, United States Code, Section(s) 1111, and the application is based on these facts:

☒ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
TIMOTHY J. DEPPNER
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Sworn to before me and signed in my presence.

Date: 2/19/2021

*Judge's signature*
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and state: Muskogee, Oklahoma

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Timothy J. Deppner, a Special Agent with the Federal Bureau of Investigation, being duly sworn, depose and state as follows:

### INTRODUCTION

1. I have been employed as a Special Agent (SA) of the Federal Bureau of Investigation (FBI) since September 2015, I am currently assigned to the FBI Oklahoma City Division, Muskogee Resident Agency, and am responsible for many investigations in the Eastern District of Oklahoma. While employed by the FBI, I have investigated a variety of federal criminal violations, to include those related to murder and other violent crimes in Indian Country. In this capacity I have obtained and executed numerous Federal search warrants in Indian Country. Prior to my employment by the FBI, I was a police officer with the Springdale (Arkansas) Police Department for over three years and provided enforcement of many criminal offenses including murder and violent crime. I have training and experience in conducting search warrants including those related to murder. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. § 1111 and am authorized by the Attorney General to request a search warrant.

2. I have probable cause to believe that contraband and evidence of a crime, fruits of a crime, and instrumentalities of violations of: 18 U.S.C. §§ 1111, Murder are located within **1156 Sherwood Road, Eufaula, Oklahoma 74432** (hereinafter the "**SUBJECT PREMISES**"). I submit this application and affidavit in support of a search warrant authorizing a search of the **SUBJECT PREMISES**, as further described in Attachment A, which is located in the Eastern District of Oklahoma. Located within the **SUBJECT PREMESIS** to be searched, I seek to seize evidence, fruits, and instrumentalities of the foregoing criminal violation which are further

1

described in Attachment B. I request authority to search the entire **SUBJECT PREMISES**, including the residential dwelling, outbuildings, storage sheds, and vehicles that are located on the curtilage of the subject property, where the items specified in Attachment B may be found, and seize all items listed in Attachment B as contraband and fruits, instrumentalities, and evidence of crime.

3.  The statements contained in this affidavit are based in part on: information provided by FBI Special Agents, Task Force Officers and Oklahoma State Police Officers; written reports about this investigation that I have received; and my experience, training and background as a law enforcement officer and Task Force Officer with the FBI. Because this affidavit is being submitted for the limited purpose of securing authorization for the requested search warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish the necessary foundation for the requested warrant.

## PROBABLE CAUSE

4.  On February 2, 2021 at approximately 7:02PM N.T. contacted the McIntosh County Sheriff's Department requesting a welfare check on a friend of hers by the name of Gregory Singleterry. N.T. stated that Gregory Singleterry had not been feeling well and she had not been able to reach him for a couple of days. While speaking with the McIntosh County dispatcher, N.T. provided the address 981 Friar Road in Eufaula as the address for Gregory Singleterry.

5.  The McIntosh County Sheriff's Office dispatched Eufaula Police Officer Samuel to 981 Friar Road in Eufaula. At that location, Officer Samuel observed through a window a male subject, later identified as Gregory Singleterry, date of birth XX/XX/1962, laying on the floor inside the residence with what appeared to be blood pooled around his head. After failed attempts

at locating a house key and observing the entire residence to be locked and secured, Eufaula Police Officer Fisher made forced entry into the residence by kicking open the front door. Once inside, Officer Fisher discovered Gregory Singleterry to be non-responsive, cold to the touch, and observed what appeared to be dried blood around his head. Officer Fisher contacted Emergency Medical Services (EMS) who arrived on the scene. Once on scene, EMS began a preliminary examination of Gregory Singleterry and discovered that he had what appeared to be a stab wound to his chest.

6. A search warrant was prepared and signed by McIntosh County District Court Judge Bridges on February 2, 2021. The search warrant was served at Singleterry's residence the same day. While serving the search warrant, investigators processed the residence and examined the crime scene. Investigators discovered that Gregory Singleterry appeared to have been stabbed with a sharp object that penetrated his body through all layers of clothing. Investigators noted that the object used to stab Gregory Singleterry was not located at the scene.

7. Investigators interviewed Singleterry's sister, J.T.. J.T. told investigators that she spoke with Singleterry via telephone at which time he told her that he had travelled to Chase Bank in Tulsa on January 30, 2021, where he withdrew a large amount of money (but he did not specify the exact amount) to deposit in his local bank. She stated that she spoke with Singleterry about her concern for him physically withdrawing that much money. Later, after the withdrawal was made, Singleterry told J.T. that he (Singleterry) was accompanied to the bank in the same vehicle by Carol Frenchman and another male believed to be Frenchman's grandson, Thomas Young. Singleterry had asked Frenchman and Young to drive him to the bank because he was not confident in driving due to being in poor health. Singleterry told J.T. that he had concerns about Frenchman and Young

3

knowing about the withdrawal of cash. Singleterry sent J.T. screen shots of the Facebook profiles of Frenchman and Young so that she would have them "should anything happen to him."

8.  Affiant states that this information was confirmed with Carol Frenchman who reported to law enforcement that she and Thomas Young accompanied Gregory Singleterry to a Bank in the Tulsa area where Greg made a withdrawal of an undisclosed amount of money and subsequently closed that account. Frenchman stated that they then returned back to Eufaula where Singleterry was dropped back off at his residence.

9.  Affiant states that upon discovery of Singleterry's body, a receipt from Chase Bank in Tulsa was located on his person indicating that he had withdrawn $20,712.56 on January 30, 2021 at 10:54am. The search of the residence did not result in the recovery of this money. Before travelling to Tulsa for the withdrawal, Singleterry contacted the Arvest bank branch in Eufaula, Oklahoma, and discussed arrangements to make a large deposit of cash. At approximately 8:00 AM on Monday, February 1, 2021, Singleterry called the same branch of Arvest Bank and made an appointment between 2:00 and 3:00 PM to make the deposit. Singleterry did not keep the appointment. No deposit was ever made. A search warrant issued by McIntosh District Court Judge Bridges was executed to retrieve the contents of Singleterry's cellular telephone. The last out-going communication from Singleterry's cellular telephone was at 11:32 AM on February 1, 2021.

10. In an interview of both J.T. and Singleterry's daughter, G.S., J.T. and G,S. stated that Frenchman had been a friend of Singleterry's for a time, and Frenchman was commonly known to frequent Singleterry's residence. Frenchman had been taking care of Singleterry for some time, even before he was in poor health and released from the hospital. G.S. stated that Frenchman had Singleterry's credit cards, access to his property, and possessed keys and codes to

access the safe within the residence. J.T. and G.S. explained that Frenchman supplied Singleterry with excessive amounts of alcohol which lead to his frequently being intoxicated. On one occasion, Frenchman's supplying of alcohol had resulted in Singeterry being discovered by Frenchman on the floor of the residence heavily intoxicated and unresponsive. As a result of the incident, Singleterry was hospitalized from approximately October 4, 2020 through January 13, 2021. During his stay in the hospital, Singleterry expressed concerns to his daughter G.S. about Frenchman having access to his property. Because of this concern, G.S. met with Frenchman and retrieved all items possessed by Frenchman which belonged to Singleterry, including credit cards and keys.

11.   G.S. was told by hospital staff that after G.S. retrieved Singleterry's property from Frenchman, Frenchman appeared at the hospital where Singleterry was a patient, identified herself as Singleterry's wife, and attempted to retrieve Singleterry's personal property including Singleterry's wallet.

12.   On February 3, 2021, Frenchman approached Henryetta Police Chief Norman (a member of the District 25 Drug and Violent Crime Task Force) while he was in the vicinity of Singleterry's residence. Frenchman lives at **1156 Sherwood Road, Eufaula, Oklahoma 74432**, the **SUBJECT PREMISES,** which is located two houses east of Singleterry's residence. The **SUBJECT PREMISES** are located in the Eastern District of Oklahoma and within the reservation boundaries of the Muscogee Creek Nation Reservation. During the ensuing conversation, Frenchman confirmed she and Young had accompanied Singleterry to Chase Bank on Elm Place in Tulsa where he closed a bank account.

13.   On February 4, 2021, affiant made contact with the Osage Nation police who confirmed Carol Frenchman was an enrolled member of the Osage Nation with ID # 00173.

14. On February 5, 2021, Okmulgee Police Officer Chris Cantrell (a member of the District 25 Drug and Violent Crime Task Force) conducted an interview with B.C. who is a known associate of Gregory Singleterry. During this interview, B.C. stated that he had a conversation with Carol Frenchman who disclosed to him that after Singleterry went to the hospital, she went to his residence and retrieved $17,000.00. Frenchman told B.C. that she took this money from Singleterry's safe and placed the money in her safe at her residence for safekeeping. After Singleterry was released from the hospital, he mentioned to B.C. that money was missing from his residence. B.C. was surprised to hear that Frenchman had not told Singleterry she had taken the money from his residence "for safekeeping," and advised Singleterry of Frenchman's statement about taking $17,000 from his residence. Singleterry mentioned to B.C. that he did not know what to do about this situation.

15. On February 5, 2021, Okmulgee Police Chief Joe Prentis (a member of the District 25 Drug and Violent Crime Task Force) along with District Attorney Chief Investigator Andy Blizzard conducted an interview with T.G. who is also a known associate of Greg Singleterry. During this interview, T.G. said that she had spoken with Carol Frenchman about Singleterry (unknown when this conversation occurred). During this interaction, Frenchman told T.G. that she went to Singleterry's house and retrieved $17,000.00 from his residence to "put it up."

16. On February 6, 2021, affiant conducted an interview with L.S. who is the ex-wife of Singleterry. L.S. continued contact with Singleterry after the divorce. L.S. explained that after Singleterry was released from the hospital, she would periodically check on him while he was at his residence. L.S. recalled on one specific time she was at Singleterry's residence, just weeks prior to Singleterry's death, when she spoke with Carol Frenchman who spoke about Singleterry's

attitude. During this conversation, Frenchman made the statement to L.S. that if Singleterry every mistreated her that her grandson Thomas Young would punch him in the face.

17.   Affiant performed records checks with the Eufaula Police Department and discovered a police report (Case # 2020-0443) which was filed on December 1, 2020, in reference to a burglary that occurred at the residence of Gregory Singleterry while he was being treated in the hospital. During this burglary, unknown subject(s) made forced entry into the residence by breaking out the back glass door. At some point after gaining entry into the house, the subject(s) gained entry in the firearm safe and stole numerous firearms and approximately $17,000.00 which were contained within. This safe was later found open and laying in the front yard of the residence with the key pad broken off. According to Eufaula Police Chief Mark Goodwin, he discovered that this particular safe could not have been opened by vandalism of the keypad, but would have had to be opened by inputting the safe code. Singleterry told Chief Goodwin that three people had the access code to the safe:   Singleterry, his daughter and Carol Frenchman. Chief Goodwin spoke with Frenchman about the burglary. Frenchman stated that she was aware of the money being present in the safe, but denied involvement in the burglary. Frenchman stated that she was unaware of where the stolen firearms or money were located.  The Eufaula Police Department burglary report of this incident listed seven firearms stolen from Singleterry's residence.  See Attachment B for the detailed list of these firearms including serial numbers.

18.   Public and law enforcement records indicate Carol Frenchman's residence located at 1156 Sherwood Road Eufaula is the residence of several people including Thomas Young, Sieanna Akila Lurks, and Sky Ladawn Young. Public and law enforcement records indicate that Thomas Young was charged on July 12, 2019 in the District Court of Oklahoma County, Oklahoma, with Robbery with a Firearm and on December 12, 2019 pled guilty and received a

deferred sentence. Public and law enforcement records indicate that Sieanna Lurks was charged on October 11, 2018 in the District Court of Garfield County, Oklahoma, with Domestic Assault and Battery with a Dangerous Weapon. Documents in the case against Sieanna Lurks describe how she stabbed her boyfriend with a kitchen knife. Public and law enforcement records indicate that Sky Young was charged on September 5, 2014 in the District Court of Oklahoma County, Oklahoma, with Assault and Battery with a Deadly Weapon. On January 6, 2016 Sky Young was also charged in the District Court of McClain County, Oklahoma, with possessing a firearm after former felony conviction.

19. On February 5, 2021, investigators interviewed T.W. via telephone. T.W. lives in Arizona. T.W. informed investigators she had a relationship with Singleterry and he was planning on moving to Arizona with her soon. On January 27, 2021, T.W. spoke via telephone with Singleterry, who stated Frenchman was on her way over to his residence and he was going to confront her about missing money which was stolen while he was in the hospital. T.W. also spoke with L.S. prior to Singleterry's death. L.S. told T.W. that Frenchman made comments to L.S. about how Frenchman's son was going to beat up Singleterry if he continued to be disrespectful to Frenchman. This comment was later confirmed in an interview with L.S. who identified the "son" as Thomas Young.

20. In my training and experience, it is common for persons who commit crimes to keep or have evidence of those crimes within their residences and/or vehicles. This evidence may consist of valuables stolen from others, blood or other items of biological evidence, etc. It is also my experience, that when a person is stabbed it typically results in large amounts of blood loss from the victim. Blood is frequently transferred onto the assailant's person and clothing. Furthermore, this transferred blood evidence is commonly transferred secondarily onto other

surfaces, including the inside of one's vehicle and/or residence once he or she leaves the scene of the stabbing. This blood may not be noticed by the assailant and/or removed from affected surfaces and clothing, and may be located on these surfaces for a long period of time.

## CONCLUSION

21. Affiant respectfully submits that there is probable cause to believe that evidence related to a violation of 18 U.S.C. § 1111 is located at the residence described above, the curtilage thereof including any vehicles or outbuildings located thereon.

22. Affiant respectfully requests that the search warrant be issued authorizing the search of the property described in Attachment A for the items listed in Attachment B, and authorizing the seizure of the items described in Attachment B.

Timothy J. Deppner
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me on this 19th day of February, 2021.

KIMBERLY E. WEST
United States Magistrate Judge

## ATTACHMENT A

## DESCRIPTION OF THE PREMISES TO BE SEARCHED

The premises to be searched are located at **1156 Sherwood Road, Eufaula, Oklahoma 74432.** The residence is a single-story structure which is constructed of brown brick with a shingled roof with white trim and a white door facing the south. The residence includes any outbuildings and vehicles within the curtilage. Driving directions from the follow:

In the City of Eufaula, County of McIntosh, State of Oklahoma, from the intersection of Selmon and Main streets, travel south on Main street for approx. 0.95 miles to Highway 9 east. Turn left on Highway 9 east and travel approx. 1 mile to County Road E1210. Turn left on County Road E1210 and travel east for approx. 0.26 miles to County Road S4180. Turn left on County Road S4180 and travel approx. 0.25 miles to County Road E1207. Turn right on County Road E1207 and travel 0.71 miles which will curve to the left and become S4188. Continued on County Road S4188, also known as Sequoyah Drive, for approx. 0.8 miles to Sherwood Road. Turn right on Sherwood Road and travel east for approx. 0.54 miles to the residence located on the north side of the roadway.





## ATTACHMENT B

## ITEMS TO BE SEARCHED AND SEIZED

a. Items containing blood stains or possible blood trace evidence.

b. Large amount of currency.

c. Clothing items believed to belong to Gregory Singleterry or clothing items appearing to have blood stains or blood trace evidence.

d. Any items related to or associated with Gregory Singleterry.

e. Weapons including knives or sharp objects that may have inflicted the wound to Gregory Singleterry.

f. Financial records and any other documents related to Gregory Singleterry

g. The specific firearms reported stolen by Gregory Singleterry from his residence, including:

   1. Smith & Wesson .38 Special Revolver serial number DKH5021
   2. Ruger Model 10/22 rifle, serial number 115-01102
   3. Remington 100 shotgun, serial number N498985H
   4. Smith & Wesson .357 Magnum revolver, serial number 7K83782
   5. Ruger LCP .380 pistol, serial number 373-52048
   6. Smith & Wesson AR rifle, serial number SR 34597
   7. 12 Gauge Gold Trigger shotgun, serial number A06644e